UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRIENDS OF ANIMALS, and
PREDATOR DEFENSE,

          Plaintiffs,

       v.

U.S. FISH AND WILDLIFE SERVICE, an
agency of the United States,

          Defendant.

6:14-cv-01449-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Friends of Animals and Predator Defense (Plaintiffs) filed this action against the United States Fish and Wildlife Service (the FWS) alleging that the FWS violated provisions of the National Environmental Policy Act (NEPA) and the Migratory Bird Treaty Act (MBTA). The FWS now moves to transfer this case to the U.S. District Court for the Eastern District of California pursuant to 28 U.S.C. § 1404(a). The motion is denied.

BACKGROUND

    Plaintiffs challenge the FWS's decision to implement "Recovery Action 29" as part of the 2011 Northern Spotted Owl (Spotted Owl) Endangered Species Act (ESA) Recovery Plan. Recovery Action 29 is a study that analyzes the effects of removing Barred Owls from Spotted

1 – OPINION AND ORDER

Owl habitat and authorizes the "take" of Barred Owls. "Take" traditionally indicates lethal removal of a species as permitted under the MBTA. Def.'s Mot. at 1. The FWS intends to implement the removal plan pursuant to a "scientific collecting permit" under the MBTA. Id. at 1, 10. Plaintiffs object to Recovery Action 29 because they claim the FWS has goals that are inconsistent with the MBTA. Specifically, plaintiffs argue that the removal of 3,600 owls is inconsistent with the mandate that the FWS allow for "careful preservation and protection" of the Barred Owl. Pls.' Response at 5. Further, plaintiffs argue that Recovery Action 29 unreasonably defines the purpose of and need for the plan, fails to analyze alternatives to the plan, and fails to adequately consider impacts of the plan in violation of NEPA.

Previously, on September 30, 2013, Friends of Animals filed suit in the Eastern District of California alleging that FWS violated provisions of the MBTA and NEPA in issuing Recovery Action 29. District Judge Mendez subsequently issued a decision finding that Friends of Animals lacked standing to challenge the plan and dismissed the case without prejudice. Friends of Animals v. Jewell, 2014 WL 3837233 (E.D. Cal. Aug. 1, 2014). Friends of Animals had proffered the statements of organizational members Feral and Glass; however, Judge Mendez found these statements insufficient to establish either organizational or independent standing. Id. at *6-7; see Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (injury in fact to an organization is established when the organization suffers "both a diversion of its resources and a frustration of its mission"). Specifically, Judge Mendez found that Feral's declaration did not "constitute evidentiary support" in favor of standing, and that Glass "has not averred that he has any concrete plans to visit an area that will be affected by the conduct that impairs his interests or an adjacent area." Jewell, 2014 WL 3837233, at *4, *7. Notably, Judge Mendez did not review the declaration of an Oregon member when he found that Friends of Animals did not have

2 – OPINION AND ORDER

standing to challenge the FWS's decision to remove Barred Owls. Pls.' Response at 3, 9. Regardless, Judge Mendez dismissed the case for lack of standing and specifically noted in his opinion, "[o]rdinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert [its] claims in a competent court." Id. at *7 (citing and quoting Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988)).

Subsequently, on September 9, 2014, Friends of Animals, joined by Plaintiff Predator Defense, filed this action in the U.S. District Court for the District of Oregon. Like Jewell, the case at bar challenges the FWS's decision to implement Recovery Action 29 and remove 3,600 Barred Owls from a region spanning Washington, Oregon and California.

## DISCUSSION

Under 28 U.S.C. § 1404(a), a court may transfer an action to another district "for the convenience of the parties and witnesses, in the interest of justice." A court first must determine whether it is possible to transfer the case to the suggested venue. If the suggested venue is a feasible option, courts then generally evaluate factors associated with convenience and interests of justice. Courts typically afford deference to the plaintiff's choice of forum unless convenience of the parties and the interests of justice weigh in favor of transfer. STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1555-56 (N.D. Cal. 1988). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

### A.  Feasibility of Transfer to the E.D. of California

The FWS generally meets the threshold question of whether the case may be brought in the suggested forum. The case was initially filed in the Eastern District of California, and venue would be appropriate in that court. See Def.'s Mot. at 15-16. As the FWS notes, the Acting

Regional Director of Region 8, Ren Lohoefener, signed the FWS's Record of Decision and is stationed in Sacramento.

B. Deference to Plaintiffs' Choice of Forum

The FWS argues that plaintiffs filed the case at bar in their "second choice of forum," and that second choice forums are not afforded the same deference as a first choice, citing Kawamoto v. CB Richard Ellis, Inc., 225 F. Supp. 2d 1209 (D. Haw. 2002) and Medford Pac. v. Danmore Const. Inc., 1997 WL 419280, at *2 (D. Or. 1997) among other cases.

In Kawamoto, the plaintiff initially filed suit in Hawaii. Kawamoto, 225 F. Supp. 2d at 1213. However, the court agreed with the defendant that venue should be transferred to the Eastern District of California based on inconvenience to the parties and witnesses. Id. at 1215-16. Instead of the Eastern District, the plaintiff requested that venue be transferred to the Northern District of California – his "second choice of forum." Id. at 1216. The court ruled that the plaintiff's choice would not receive deference in those circumstances. Id. ("The plaintiff's 'second choice' of forum is not automatically entitled to the same amount of deference."). In Medford Pac., the defendant's motion to transfer was granted and the case was transferred from the District of Hawaii to the District of Oregon. 1997 WL 419280, at *1. Once the case transferred, the plaintiff asked the case to be heard in the Medford Division rather than the Portland Division. Id. The court opined that "[t]he court does not give much deference to the plaintiff's second choice of forum, Medford." Id. at *2. Kawamoto and Medford Pac. are clearly distinguishable from the case at bar.

Here, plaintiffs filed an entirely new action after the previous case was dismissed for lack of standing with respect to Friends of Animals' California members. Moreover, plaintiffs followed Judge Mendez's suggestion that they refile the action in a "competent court" with

4 – OPINION AND ORDER

subject matter jurisdiction. Given Judge Mendez's analysis and implicit directive, plaintiffs' decision to file suit in Oregon is understandable. In these circumstances, I do not find plaintiffs' choice to be a "second choice of forum" undeserving of deference.

C.     Convenience and Interests of Justice

Unless convenience of the forum weighs strongly in favor of transfer, plaintiffs' choice of forum will be respected. E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994); see also Continental Oil Co. v. Atwood & Morrill Co., 265 F. Supp. 692, 699 (D. Mont. 1967). Private interest factors a court should consider include the convenience and ease of obtaining witnesses "and all other practical problems that make trial of a case easy, expeditious and inexpensive." Decker Coal Co., 805 F.2d at 843 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Here, plaintiffs' standing declarants, Ms. Zucker and Mr. Fahy, reside in Oregon, and plaintiff Predator Defense is located primarily in Eugene, Oregon. Further, the decision to issue a permit under the MBTA was made by the Oregon FWS Field Office, and, therefore, "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" in Oregon. 28 U.S.C. § 1391(b). Further, given the nature of review under the Administrative Procedure Act, it is not inconvenient to litigate this action in the District of Oregon. Likewise, I do not find plaintiffs' presumed need for local counsel to cause inconvenience to either party.

The court should also consider public interest factors when considering venue transfer, including "considerations of court congestion, court familiarity with relevant state law, avoiding conflict of laws problems, the fairness of burdening citizens in the forum state with jury duty, and the 'local interest in having localized controversies decided at home.'" Kawamoto, 225 F.

5 – OPINION AND ORDER

Supp. 2d at 1213 (quoting <u>Decker Coal Co.</u>, 805 F.2d at 843). The FWS emphasizes two of these factors: the Eastern District of California's familiarity with the issues, and the relative congestion of the District of Oregon.

The FWS asserts that the Eastern District of California previously heard <u>Jewell</u>, a case alleging similar claims with only slight differences from the case at bar. Def.'s Mot. at 20. The FWS also concedes, however, that differences exist between <u>Jewell</u> and this case, including "slight modifications to account for the previous litigation, amended permit, and the addition of Predator Defense as a party." <u>Id</u>. In addition, as noted by plaintiffs, Judge Mendez dismissed <u>Jewell</u> before resolving the merits of the case. Whether the case is heard in the Eastern District of California or in the District of Oregon, either court will be required to consider the underlying facts of the case and the modifications to the claims, the amended permit for removal of Barred Owls, and the addition of a new plaintiff.

The FWS also asserts that courts are more congested in the District of Oregon, as opposed to the Eastern District of California, citing statistics that demonstrate cases are resolved more quickly in the Eastern District of California than in the District of Oregon (9.2 months versus 11.1 months). Plaintiffs refute this fact by pointing to statistics that highlight the filing of 4,901 civil cases in the Eastern District of California versus 2,385 civil cases in the District of Oregon. Given the slight temporal difference in the disposition of pending cases – which may involve a number of factors - I do not find that court congestion tips the scale in favor of transfer to the Eastern District of California.

The FWS finally asserts that the interest of "having localized controversies decided at home" is neutral, because plaintiffs' claims have ties to both California and Oregon. Plaintiffs respond that the preference for adjudicating localized controversies actually weighs against

6 – OPINION AND ORDER

transfer. Plaintiffs specifically note that several standing declarants reside in Oregon and emphasize that the Barred Owl removal is a regional concern. Further, the FWS office that issued the new removal permit is located in Oregon, and of the owls scheduled for removal, 2,693 are to be removed from Oregon, 634 are to be removed from Washington, and 267 are to be removed from California. Pls.' Response at 3 n. 2. Thus, the localization issue does not weigh in favor of transfer.

In sum, plaintiffs properly filed suit in the District of Oregon, and the FWS's arguments fail to overcome plaintiffs' choice of forum on the basis of convenience or interests of justice.

## CONCLUSION

For the foregoing reasons, Defendant FWS's Motion to Transfer Venue (doc. 14) is DENIED.

IT IS SO ORDERED.

Dated this 18th day of December, 2014.

*Ann Aiken*
Ann Aiken
U.S. District Judge

7 – OPINION AND ORDER